# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN KELLY,<br><br>  Plaintiff(s),<br><br>v.<br><br>AREA 15 LAS VEGAS LLC, et al.,<br><br>  Defendant(s). | Case No. 2:24-cv-00696-JCM-NJK<br><br>**Order To Show Cause** |

This case was removed on diversity grounds. Docket No. 1. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). **"Moreover, if any member of [an LLC] is itself a partnership or association (or another LLC), the Court needs to know the citizenship of each 'sub-member' as well."** *Diamos v. Specialized Loan Servicing, LLC*, 2014 WL 12603136, at *1 (N.D. Cal. Jan. 31, 2014) (emphasis added); *see also, e.g.*, *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011).

Although this has been explained to Defendants twice already, Docket Nos. 6, 8, they continue to fail to provide the information required for the Court to properly assess the citizenship of the Area 15 defendants. The most recent submission provides the LLC ownership chain up to the point of stating that:

> Defendant AREA 15 GLOBAL, LLC, is a Delaware limited liability company, whose members are Area 15 Investment LV 100, LLC, a Delaware limited liability company that owns 31.06% of Area 15 Global, LLC, FB Area 15, LLC, a Delaware limited liability company that owns 52.03% of Area 15 Global, LLC, Beneville Holdings, LLC, a Delaware limited liability company, Treventures, LLC, a Delaware limited liability company, and Area 15 Incentive, LLC, a Delaware limited liability company with up to 11.0% profits-only interest in Area 15 Global, LLC.

Docket No. 10 at 2. As already explained, however, when the member of an LLC is itself an LLC, then the Court needs to know the citizenship of the owners or members of that LLC, too.

Hence, based on the current filing, the Court must be provided the identity and citizenship for the owners/members of at least[1]: (1) Area 15 Investment LV 100, LLC; (2) FB Area 15, LLC; (3) Beneville Holdings, LLC; (4) Treventures, LLC; and (5) Area 15 Incentive, LLC. If the owners/members of these sub-LLCs are themselves LLCs (or partnerships or associations), then the inquiry must continue until arriving at a natural person or corporation whose citizenship can be ascertained.

There is a "strong presumption against removal jurisdiction," and the removing party has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). When a removing defendant is unwilling or unable to properly substantiate its citizenship, remand may be ordered. *See Lindley Contours*, 414 F. Appx. at 64-65 (ordering remand for lack of jurisdiction where LLC defendants failed to properly substantiate their citizenship for diversity purposes).

Accordingly, Defendants are **ORDERED** to show cause in writing, by May 10, 2024, why this case should not be remanded for lack of subject matter jurisdiction. Defendants are further **ORDERED** to file, by May 10, 2024, a third amended certificate of interested parties that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed" to Defendants. Fed. R. Civ. P. 7.1(a)(2).[2]

---

[1] The ownership percentages given do not add up to 100%. Docket No. 10 at 2. The Court must be provided the identity and citizenship of all members/owners.

[2] The amended certificate of interested parties indicates that the member of MW Vegas, LLC is "upon information and belief" Meow Wolf, Inc., a Delaware corporation headquartered in New Mexico. *See* Docket No. 10 at 2. While diversity may be pled initially on information and belief in limited circumstances in which the pertinent facts are held by the opposing party, *see Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014), such logic does not extend to the affirmative showing necessary as to a removing party's own citizenship. The third amended certificate of interested parties must affirmatively name Meow Wolf's owners/members and must affirmatively provide the citizenship of those owners/members.

**Failure to comply with this order may result in remand.**

IT IS SO ORDERED.

Dated: April 26, 2024

                                                                               _____
Nancy J. Koppe
United States Magistrate Judge