# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN KELLY,

    Plaintiff(s),

v.

AREA 15 LAS VEGAS LLC, et al.,

    Defendant(s).

Case No. 2:24-cv-00696-JCM-NJK

**REPORT AND RECOMMENDATION**

Pending before the Court is an order to show cause why the case should not be remanded for lack of subject matter jurisdiction, specifically as to an insufficient showing regarding diverse citizenship of the parties. Docket No. 14.[1] Defendants filed a response. Docket No. 19. Plaintiff filed a response. Docket No. 23. Defendants filed a reply. Docket No. 24. For the reasons discussed below, the undersigned **RECOMMENDS** that the case be **REMANDED** to state court for lack of subject matter jurisdiction.[2]

**I.   BACKGROUND**

On November 8, 2021, Plaintiff alleges that he was a patron at Defendants' Area 15 property when he attempted to ride down a slide. When Plaintiff stepped up to the slide, however, he alleges that he slipped and injured himself. Plaintiff blames the "unreasonably slippery" slide, as well as the shoe coverings he was required to wear. Plaintiff filed this suit in state court bringing state law tort claims. *See* Docket No. 1-3 (second amended complaint).

---

[1] The Court also ordered Defendants to show cause why the case should not be remanded for an insufficient amount in controversy. Docket No. 17. In light of the findings made herein, the Court need not opine as to the amount in controversy.

[2] The Ninth Circuit has determined that remanding a case to state court is a matter beyond the authority of a magistrate judge, *Flam v. Flam*, 788 F.3d 1043, 1047 (9th Cir. 2015), so the undersigned issues this report and recommendation to the assigned district judge.

1

On April 10, 2024, Defendants removed the case to federal court on the basis of diversity jurisdiction. *See* Docket No. 1.[3] The petition for removal indicated that the Area 15 Defendants are "Delaware limited liability compan[ies]." *See* Docket No. 1 at 3. The Area 15 Defendants also filed a certificate of interested parties that provided similar representations. Docket No. 2.[4] On April 12, 2024, the Court ordered the Area 15 Defendants to file an amended certificate of interested parties that properly states their members and citizenship. Docket No. 6 at 1. On April 19, 2024, the Area 15 Defendants filed an amended certificate of interested parties that identified additional limited liability companies without properly identifying their citizenship. *See* Docket No. 7. On April 22, 2024, the Court ordered the Area 15 Defendants to file a second amended certificate of interested parties that provided the identities and citizenship for each sub-member of the limited liability companies. Docket No. 8. On April 25, 2024, the Area 15 Defendants refiled a second amended certificate of interested parties without correcting the deficiencies identified. Docket No. 10. Following issuance of the order to show cause, the Area 15 Defendants filed a third amended certificate that continues to fail to provide the identities and citizenship for each sub-member of the limited liability companies. Docket No. 20. The state of the record as to the citizenship of the Area 15 Defendants is as follows:

> Defendant AREA 15 LAS VEGAS, LLC, is a Delaware limited liability company whose sole member is Area 15 Global Developer, LLC, also a Delaware limited liability company.
>
> Defendant AREA 15 GLOBAL DEVELOPER, LLC, is a Delaware limited liability company whose sole member is Area 15 Global, LLC, also a Delaware limited liability company.
>
> Defendant AREA 15 GLOBAL, LLC, is a Delaware limited liability company, whose members are: 1) Area 15 Investment LV 100, LLC, a Delaware limited liability company that owns 31.06% of Area 15 Global, LLC, 2) FB Area 15, LLC, a Delaware limited liability

---

[3] The citizenship as to Plaintiff and MW Vegas, LLC is not in question. Plaintiff filed a certificate of interested parties representing that he is a citizen of Ohio. Docket No. 15 at 1. Defendant MW Vegas, LLC filed a certificate of interested parties representing that its sole member is Meow Wolf, Inc., a Delaware corporation with its principal place of business in New Mexico. Docket No. 20 at 2.

[4] The Federal Rules of Civil Procedure were amended in 2022 to require the disclosure statements of parties in diversity cases to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party." Fed. R. Civ. P. 7.1(a)(2).

2

>company that owns 52.03% of Area 15 Global, LLC, 3) Beneville Holdings, LLC, a Delaware limited liability company, 4) Treventures, LLC, a Delaware limited liability company, and 5) Area 15 Incentive, LLC, a Delaware limited liability company with up to 11.0% profits-only interest in Area 15 Global, LLC

Docket No. 20 at 2. Hence, with respect to the Area 15 Defendants, the Court has been provided only representations of an LLC chain involving layers of "Delaware limited liability company[ies]." *See id.*

**II.   STANDARDS**

Cases may be removed from state court to federal court based on the existence of federal subject matter jurisdiction. 28 U.S.C. § 1441. "Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and there is a strong presumption against removal jurisdiction, *Gaus v. Miles*, 980 F.2d. 564, 566 (9th Cir. 1992). "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Removing defendants bear the burden of establishing that removal is proper. *Id.*

Federal subject matter jurisdiction exists when a case involves parties who are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). When the parties are entities rather than natural persons, their citizenship for diversity purposes depends on the type of entity. A corporation is a citizen of the state of its principal place of business and the state in which it is incorporated. 28 U.S.C. § 1332(c)(1). On the other hand, unincorporated associations, like partnerships, possess the citizenship of each of their members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *see also Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 379 (2016). Numerous federal courts of appeal, including the Ninth Circuit, have also held that limited liability company (or LLC) "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Hence, the pertinent inquiry as to LLC citizenship is "not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016); *see also Buschman v. Anesthesia Bus. Consultants LLC*, 42 F. Supp. 3d 1244, 1248 (N.D. Cal. 2014) ("An LLC's principal place of business [or] state of incorporation is irrelevant to this analysis"). Moreover, if these unincorporated associations have "partnerships, limited partnerships, or limited

3

liability corporations as members, the citizenship of each individual member of these entities must be alleged (and if these members included partnerships, limited partnerships, or limited liability corporations, the citizenship of each individual member of those entities must be alleged—and so on)." *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011); *see also Fadal Mach. Ctrs., LLC v. Mid-Atlantic CNC, Inc.*, 464 Fed. Appx. 672, 673 (9th Cir. 2012) (dismissing and remanding case based on New Jersey citizenship of natural person, who was three levels down the chain of unincorporated associations).

Remand is warranted when removing defendants are unwilling or unable to substantiate their own citizenship. *E.g.*, *Lindley Contours*, 414 Fed. Appx. at 64-65.[5]

## III. ANALYSIS

Plaintiff is an Ohio citizen. Docket No. 15 at 1. The record as to the Area 15 Defendants shows only an LLC chain involving layers of "Delaware limited liability company[ies]." *See* Docket No. 20 at 2. Despite ample warning, explanation of the need to identify sub-members and their citizenship, and opportunity to file the necessary information, Docket No. 14 at 1-3; Docket No. 8 at 1-2; Docket No. 6 at 1, the Area 15 Defendants refuse to identify their sub-members or their citizenship, *see* Docket No. 20 at 2. Instead, the Area 15 Defendants contend that the law does not require them to provide that information and that they may instead simply state that the sub-members are Delaware LLCs. Docket No. 19 at 3-5. The Area 15 Defendants are wrong.

The Court begins with the Area 15 Defendants' contention that the Ninth Circuit has no published authority requiring that an LLC must name and identify the citizenship of each of their LLC sub-members. Docket No. 19 at 3-4. As noted above, the Ninth Circuit has held in a published decision that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. In applying this test, the Court must discern the citizenship of the members to discern the citizenship of the party, but the Court cannot discern the citizenship

---

[5] It is worth reiterating that the Court has a duty to ensure its subject matter jurisdiction. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). In addition, "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

4

of an LLC member without discerning the citizenship of the sub-members because the members' own citizenship is derived from the sub-members.[6] The Court need look no further than the Ninth Circuit's *Johnson* case itself as to the required multi-layered inquiry:

> Indeed, the Ninth Circuit looked beyond the first layer of unincorporated entities to determine the citizenship of the defendant in *Johnson* itself. *See* 437 F.3d 894. There, the defendant was a limited partnership whose only partners were two LLCs. *Id.* at 896. One of the members of the LLCs was a trust. *Id.* at 899. To determine the citizenship of the underlying plaintiff, the court looked to the citizenship of the trust's trustee, even though the trustee was several layers removed from the underlying plaintiff (Plaintiff limited partnership → partner LLC → member trust → trustee). *See id.*

*Asana Partners Fund II Reit 14 LLC v. Health Family I LLC*, No. C20-1034-JCC, 2020 WL 7241449, at *3 (W.D. Wash. Dec. 9, 2020); *see also Arlington Valley Solar Energy II LLC v. Fluor Enterps. Inc.*, No. CV-19-05595-PHX-DLR, 2020 WL 1969534, at *1 (D. Ariz. Apr. 24, 2020) (recognizing necessary implication of *Johnson* that unincorporated association citizenship requires this tracing to continue "until the court reaches an entity that is not a passthrough for jurisdictional purposes"). As a matter of logic and as shown in *Johnson's* own application of the test it articulated, the holding that an LLC is a citizen of every state of which its owners/members are citizens requires that any member LLCs must also identify their sub-members and their citizenship. This is published Ninth Circuit case law that mandates adoption of such an approach here. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (explaining principle that a lower court is bound not only by a higher court's explicit holdings, but also by its mode of analysis); *see also, e.g.*, *SmithKline Beecham Corp. v. Abbott Labs.*, 740 F.3d 471, 480 (9th Cir. 2014) (controlling precedent is discerned by looking at what is expressly announced and by "considering what the Court actually did").

---

[6] The Area 15 Defendants' position does not make sense. Their papers contend that complete diversity exists because their members are "Delaware LLC[s]." Docket No. 19 at 4; *see also, e.g.*, *id.* at 5 ("Because all of Defendant AREA 15 GLOBAL, LLC'S members are Delaware LLCs, they are all completely diverse from Plaintiff"). That contention has no bearing on the citizenship of the LLC members and, by extension, the LLC parties because the pertinent inquiry as to LLC citizenship is "not the state in which it was formed or does business." *NewGen*, 840 F.3d at 612 (emphasis added). No matter how many times the Area 15 Defendants write the words "Delaware LLC," it does not substantiate the citizenship of the members or the parties.

Even were there not binding legal authority on this issue, the Court would follow the same course anyway. While the Area 15 Defendants (incorrectly) assert there is no controlling legal authority on the issue, the Court must also note that that Area 15 Defendants have identified <u>no case law</u> of any kind concluding that the jurisdictional analysis does not require tracing through the various layers of LLC members.[7] On the other side of the ledger, however, there is ample legal authority. Indeed, federal courts of appeal routinely find that a sufficient showing of diversity jurisdiction requires sub-membership citizenship information for an LLC (or other unincorporated association) until something other than an unincorporated association is identified. *See, e.g.*, *Lindley Contours*, 414 Fed. Appx. at 64 (unpublished); *Fadal Machining*, 464 Fed. Appx. at 673 (unpublished); *Berkley Nat. Ins. Co. v. Atlantic-Newport Realty LLC*, 93 F.4th 543, 549 (1st Cir. 2024); *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023); *Akno 1010 Mkt. Str. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022); *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015); *Bayerische Landesbank, N.Y. Branch v. Alladin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126-27 (1st Cir. 2011); *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Delay v. Rosenthal Collings Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007); *Hart v. Terminex, Int'l*, 336 F.3d 541, 543 (7th Cir. 2003); *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Judges in this District, and in sister district courts within the Ninth Circuit, also routinely require tracing through the layers of LLC (or other unincorporated association) members to determine whether the parties have diverse citizenship. *See, e.g.*, *Snow Covered Cap., LLC v. Fonfa*, No. 2:22-cv-01181-CDS-BNW, 2024 U.S. Dist.

---

[7] The Area 15 Defendants state without elaboration or explanation that the tracing inquiry is somehow contrary to the removal statute, *e.g.*, Docket No. 19 at 4, a contention that does not warrant judicial analysis, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts need not address arguments raised without meaningful analysis).

Lexis 47973, at *2 (D. Nev. Mar. 19, 2024); *Petroleum Wholesale, L.P. v. Sagebrush 66 Investment Co.*, No. 3:19-cv-00516-MMD-WGC, 2019 WL 13109707, at *1 (D. Nev. Oct. 5, 2019); *Fuss v. Selene Finance LP*, No. 3:19-cv-00282-MMD-CBC, 2019 WL 4855364, at *1 (D. Nev. Oct. 1, 2019); *Daisy Tr. v. JPMorgan Chase Bank*, No. 2:13-cv-00966-RCJ-VCF, 2016 WL 7107762, at *4 (D. Nev. Dec. 6, 2016); *Keehan Tenn. Inv., LLC v. Guardian Cap. Advs., Inc.*, No. 3:14-cv-00500-RCJ-WGC, 2015 U.S. Dist. Lexis 7525, at *3-4 (D. Nev. Jan. 21, 2015); *Orton v. First Horizon Nat. Corp.*, No. 3:11-cv-00630-ECR-VPC, 2012 WL 1985294, at *2 (D. Nev. June 4, 2012): *Macias v. King*, No. 3:10-cv-00142-ECR-RAM, 2010 WL 5136152, at *2 (D. Nev. Dec. 6, 2010); *Sans Souci LLC v. Lord & Taylor ECOMM LLC*, No. 2:24-cv-02288-AB-BFM, 2024 WL 1361805, at *1 (C.D. Cal. Mar. 28, 2024); *RunBuggy OMI Inc. v. Direct Logistic Transp. LLC*, No. CV-23-00834-PHX-SPL, 2023 WL 5759465, at *1 (D. Ariz. Aug. 10, 2023); *McKay v. Fay Serv. LLC*, No. 23-cv-03731-EMC, 2023 WL 4848855, at *1 (N.D. Cal. July 28, 2023); *KMS, LLC v. Major League Trucking, Inc.*, No. 2:22-cv-06245-ODW (MAAx), 2023 WL 5321086, at *1 (C.D. Cal. July 13, 2023); *Gateway Network Connections, LLC v. Matulich*, No. 1:22-cv-00024, 2022 WL 19456371, at *2 (D. Guam Dec. 16, 2022); *G&L 436 Bedford, LLC v. Vonschlobohm*, No. CV 22-06034-MWF (AFM), 2022 WL 16708448, at *2 (C.D. Cal. Nov. 4, 2022); *Guild Mortg. Co. LLC v. CrossCountry Mortg. LLC*, No. C21-1376-JCC-MLP, 2022 WL 18999842, at *6 (W.D. Wash. Dec. 6, 2022), *adopted*, 2023 WL 1860663 (W.D. Wash. Feb. 9, 2023); *Digital Media Sols, LLC v. Zeetogroup, LLC*, No. 22-cv-1184 JLS (AHG), 2022 WL 16639293, at *3 (S.D. Cal. Nov. 2, 2022); *Hardaway v. WestRock Servs., LLC*, No. 3:21-cv-0461-AC, 2021 WL 3729327, at *1 (D. Ore. Aug. 11, 2021), *adopted*, 2021 WL 4449969 (D. Ore. Sept. 28, 2021); *Palikan v. Longs Drugs*, No. Civ. 21-00171 JAO-RT, 2021 WL 1794596, at *1 (D. Haw. May 5, 2021); *G2 Secure Staff LLC v. ABM Indus. Inc.*, CV 21-1009-JFW(SKx), 2021 U.S. Dist. Lexis 42080, at *2 (C.D. Cal. Mar. 4, 2021); *Asana Partners*, 2020 WL 7241449, at *3; *Arlington Valley*, 2020 WL 1969534, at *1; *Diamond v. Nationstar Mortg. LLC*, No. 3:18-cv-01746-SI, 2019 WL 281296, at *2 (D. Ore. Jan. 22, 2019); *19th Cap. Grp., LLC v. 3 GGG's Trucking Lines, Inc.*, No. CV 18-2493 PA (RAOx), 2018 WL 6219886, at *2 (C.D. Cal. Apr. 3, 2018); *Entercom Cal. LLC v. Williams Broad. Inc.*, No. 2:14-cv-01523-GEB-AC, 2014 WL 12675169, at *1 (E.D. Cal. June

7

27, 2014); *Diablo Media, LLC v. Reply! Inc.*, No. 13-cv-05382 NC, 2014 WL 12603221, at *1 (N.D. Cal. Feb. 13, 2014); *Diamos v. Specialized Loan Serv., LLC*, No. 13-cv-04997 NC, 2014 WL 12603136, at *1 (N.D. Cal. Jan. 31, 2014); *Long v. Forty Niners Football Co. LLC*, No. C-13-2919 EMC, 2013 WL 12155290, at *2 (N.D. Cal. Oct. 23, 2013); *Tschakert v. Hart Energy Pub., LLLP*, No. 10cv2593-L (WMc), 2011 WL 3568117, at *2 (S.D. Cal. Aug. 15, 2011); *Plush Lounge Las Vegas, LLC v. Lalji*, No. CV 08-8394-GW (JTLx), 2010 WL 5094238, at *2 (C.D. Cal. Dec. 7, 2010); *Gladys McCoy Apts., Ltd. P'ship v. State Farm Fire & Cas. Co.*, No. CV 09-981-PK, 2010 WL 1838941, at *2 (D. Ore. Mar. 30, 2010), *adopted*, 2010 WL 1838937 (D. Ore. May 3, 2010). This case law is sound and the Court has been provided no good reason to take a contrary approach.

Having resolved the Area 15 Defendants' legal argument, the factual issue is straightforward. As the removing party, the Area 15 Defendants are required to show that all Defendants are diverse from Plaintiff. Despite ample opportunity, the Area 15 Defendants have refused to make this showing. The only information before the Court on this front is that the Area 15 Defendants are LLCs, whose members are also LLCs, and that they are all "Delaware LLCs." *See, e.g.*, Docket No. 19 at 4-5. That the Area 15 Defendants or their members are "Delaware LLCs" is not pertinent to the diversity citizenship inquiry. *NewGen*, 840 F.3d at 612. The Area 15 Defendants have refused to identify the sub-members of their members, or those sub-members' citizenship, which is the information that actually informs the diversity inquiry. As a result, the Court is unable to determine the Area 15 Defendants' citizenship for diversity purposes and the Area 15 Defendants have failed to satisfy their burden of demonstrating jurisdiction upon removal.

## IV.    CONCLUSION

Accordingly, the Area 15 Defendants failed to substantiate their contention that there is complete diversity among the parties. As a result, the undersigned **RECOMMENDS** that this case be **REMANDED** to state court for lack of subject matter jurisdiction.

Dated: June 21, 2024

                                                                                    _____
                                                                                    Nancy J. Koppe
                                                                                    United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).